UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DANIEL E. BOYER,

                                        Petitioner,

                    -v.-                                          9:07-CV-0640
                                                                 (GLS)(GHL)
HOWARD MILES, Superintendent,

                                        Respondent.

_____

APPEARANCES:

DANIEL E. BOYER
94-A-7753
Petitioner, *pro se*

HON. ANDREW M. CUOMO                    ALYSON J. GILL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
 Counsel for Respondent
120 Broadway
New York, New York 10271


GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

        Petitioner Daniel E. Boyer pleaded guilty in Albany County Court to attempted burglary in

the second degree.  (Dkt. No. 1 at 1.)  The County Court sentenced Petitioner to a determinate term

of seven years.  The sentencing judge did not explicitly announce that Petitioner would be required

to serve a period of post-release supervision.  (Minutes of November 20, 2005, Resentencing ("S2"

at 8-13.)  The first mention of post-release supervision was in an order signed by a Senior Court

Officer Assistant dated December 12, 2005, and transmitted to the Inmate Records Coordinator at

the Eastern New York Correctional Facility on February 8, 2006.  (Dkt. Nos. 13-4 and 13-5.)

        Petitioner appealed, arguing that the sentencing procedure was illegal.  (Dkt. No. 1.)  The

Appellate Division, Third Department, affirmed Petitioner's sentence.  *Id*. at 2. The Court of

Appeals denied Petitioner leave to appeal on April 10, 2007.  *Id.*  Petitioner filed an application for a writ of error coram nobis, which was denied on April 17, 2007.  *Id*. at 4.

On June 15, 2007, Petitioner, proceeding *pro se*, filed a Petition under 28 U.S.C. § 2254 for a writ of *habeas corpus*.  (Dkt. No. 1.) Petitioner alleges that the sentence was illegal because the certificate of conviction includes a five year term of post-release supervision that was not imposed by the sentencing court.  (Dkt. No. 1 at 5.)  As Respondent concedes, Petitioner is correct.

As a preliminary matter, the undersigned notes that Petitioner was paroled on May 16, 2008.  Petitioner's release does not render the petition moot.  A *habeas* petition does not necessarily become moot when the petitioner is released from prison because "collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002).  Instead, a *habeas* petition is rendered moot by the prisoner's release "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.*(quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968).  Here, Petitioner is subject to five years of supervised release as a consequence of the conviction that he challenges.  Therefore, the petition is not moot.

Respondent concedes that the petition is timely and that Petitioner exhausted all state-provided remedies.  (Dkt. No. 11 at 6-7.)  Most importantly, Respondent concedes that  "the petition for a writ of habeas corpus should be granted by excising the five-year period of post-release supervision from petitioner's judgment of conviction." (Dkt. No. 11 at 10.)  As Respondent correctly notes,  the Second Circuit has held that it violates clearly established federal law to require a defendant who has been sentenced to a determinate term of imprisonment  to serve a period of post-release supervision unless the court explicitly pronounces it at the time of sentencing.  *Earley*

*v. Murray*, 451 F.3d 71 (2d Cir.), *rehearing denied*, 462 F.3d 147 (2d Cir. 2006), *cert. denied*, 127

S. Ct. 3014 (2007).  Here, the County Court sentenced Petitioner to a determinate term of

imprisonment without explicitly pronouncing any period of required post-release supervision.  Thus,

the later-added requirement that Petitioner serve five years of post-release supervision violates

clearly established federal law.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be

**GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE**

**APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette*,

984 F.2d 85 (2d Cir.1993) (*citing Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d

Cir.1989)).


Dated: May 18, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge